UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ANTHONY WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 23-cv-3060 |
| | ) | |
| ROB JEFFREYS, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

Plaintiff, proceeding pro se under 42 U.S.C. § 1983, presently incarcerated Fremont County Detention Center in Canon Colorado, pursues claims against the former IDOC Director Rob Jeffreys and IDOC Transfer Coordinator Doug Stephens.

A. <u>Merit Review</u>

The case is before the Court for a merit review of Plaintiff's amended complaint. The Court must "screen" Plaintiff's complaint, and through such process identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief

that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff is an Illinois prisoner detained out of state pursuant to an interstate corrections compact agreement. He has been held in Colorado and South Carolina. While in South Carolina he was subject to extremely poor conditions of confinement. He was then transferred back to Colorado.

Plaintiff will be transferred back to South Carolina at some point soon.

Plaintiff sent the United States Department of Justice names and photographs of the homes of certain employees of the South Carolina Department of Corrections in an attempt to address their treatment of him when he was detained there. Several staff there have threatened to kill Plaintiff if IDOC transfers him back to imprisonment in South Carolina, based on Plaintiff's attempts to have the Department of Justice investigate these officials' behavior.

"A prison official is liable for failing to protect an inmate from another prisoner only if the official 'knows of and disregards an excessive risk to inmate health or safety[.]'" *Gevas v. McLaughlin*, 798 F.3d 475, 480 (7th Cir. 2015) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

Plaintiff's allegations raise an inference that he faces an excessive risk to his health or safety if transferred back to imprisonment in South Carolina prisons.

However, Plaintiff has not alleged that Defendants are either (1) aware of that excessive risk to Plaintiff's life or safety or (2) have disregarded it. The mere fact that Defendants are high level administrators within IDOC does not make them liable for all

actions of the agency. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018) ("The personal-involvement requirement is satisfied if the constitutional violation occurs at a defendant's direction or with her knowledge or consent."); *Doyle v. Camelot Care Centers, Inc.*, 305 F.3d 603, 614–15 (7th Cir. 2002) (to be held liable under section 1983, a supervisory official must have had personal involvement in the constitutional deprivation, essentially directing or consenting to the challenged conduct).

Plaintiff's complaint is dismissed without prejudice for failure to state a claim. *See Watts v. Westfield*, No. 10-CV-550-WMC, 2014 WL 3447080, at *4 (W.D. Wis. July 11, 2014) (dismissing claim against corrections supervisors based on lack of personal involvement in the plaintiff's allegations of failure to protect while on an interstate corrections compact agreement in another state).

B. Motion to Request Counsel

The Court undertakes an initial two-part inquiry: (1) whether the plaintiff made a reasonable attempt to obtain counsel or has been effectively precluded from doing so, and, if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself. *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir 2007).

Plaintiff has not made a showing of a reasonable attempt to secure counsel or that he has been precluded from doing so. Plaintiffs normally make this showing by filing copies of letters sent to attorneys seeking assistance, along with copies of the replies they received.

IT IS THEREFORE ORDERED:

1. Motion to Request Counsel [5] is DENIED.

2. Plaintiff's complaint is dismissed for failure to state a claim. Fed. R. Civ. Pro. 12(b)(6); 28 U.S.C. § 1915A. Plaintiff is granted 30 days to file an amended complaint if he believes he can allege a claim for relief under the standards stated above.

3. Entered this 5th day of September, 2023.

>               *s/Michael M. Mihm*
> MICHAEL M. MIHM
> UNITED STATES DISTRICT JUDGE